# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RESPONSIVE INNOVATIONS, LLC and TURNING TECHNOLOGIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HOLTZBRINCK PUBLISHERS, LLC and MACMILLAN PUBLISHERS, INC., <br><br> Defendants. | Case No. 4:08-cv-01184-CAB <br><br> Judge Christopher A. Boyko <br><br> **STIPULATED PROTECTIVE ORDER** |

Since discovery in this Civil Action may involve requests by a party ("Receiving Party") for information considered by a party or non-party ("Producing Party") to be confidential or trade secret information, and since it would, therefore, be appropriate for discovery to proceed under a Stipulated Protective Order of this Court pursuant to Fed. R. Civ. P. 26(c);

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

1. **Subject Discovery Materials.** This Order governs all documents and information disclosed, produced or to be produced by any party or third party in connection with this action, including documents and things produced or to be produced, any answers to interrogatories, responses to requests for admission, inspection of materials, oral, audio or visual recordings (including microfilm, computer source code, or object code), and deposition and other testimony disclosed through discovery in this case (the "Subject Discovery Materials"). The Subject Discovery Materials will be used for no purposes other than this litigation.

2. **"Confidential Information" Defined.** As a general guideline, a document may be designated "Confidential" when it contains confidential technical, marketing, research, development, product design, financial, commercial, and other information that the Producing

Party desires to protect against disclosure to third parties.  A document may be designated as "Confidential – Attorneys' Eyes Only" when it contains information that qualified as "Confidential" under this paragraph and constitutes highly sensitive technical or financial information, trade secrets, strategic plans, or business information such as vendors, costs, pricing, customer, or other information which might put the designating party at a competitive disadvantage if the information became known to management or employees of the Receiving Party or to third parties, including information relating to commercially unreleased products.  As used in this Order, "Confidential Information" means any Subject Discovery Materials which have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only".

      3.      **<u>Designation of Confidential Information</u>.**  Any Producing Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any item produced to a party or parties during the course of this Civil Action that is believed, in good faith, to contain Confidential Information.  Any item designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must be handled in accordance with this Order.

      4.      **<u>Marking of Items</u>.**  A Producing Party may designate any item as Confidential Information by placing or affixing to such item, in a manner that will not interfere with its legibility, a notice identifying the item as "Confidential" or "Confidential – Attorneys' Eyes Only".  With regard to depositions, such designations may be made as provided in paragraph 10 of this Order.  In all cases, the designation of any item as "Confidential" or "Confidential – Attorneys' Eyes Only" represents that counsel, in good faith, believes that the item contains Confidential Information as defined in paragraph 2 of this Order.

      5.      **<u>Confidentiality to be Maintained</u>.**  Except as agreed by a Producing Party, as ordered by a court of competent jurisdiction, or as otherwise provided in this Order, Confidential

Information shall be maintained in confidence by a Receiving Party, and may be used by that party only for purposes of this action.

6. **Trial Counsel Defined.**  As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

(a) For Responsive Innovations, LLC and Turning Technologies, LLC: the attorneys, paralegals, agents and support staff of Benesch, Friedlander, Coplan & Aronoff, LLP and Squire Sanders (US) LLP.

(b) For Holtzbrinck Publishers, LLC and Macmillan Publishers, Inc.: the attorneys, paralegals, agents, and support staff of Olson & Cepuritis, Ltd. and Tzangas Plakas Mannos Ltd.

(c) The definition of "Trial Counsel" excludes any attorney, patent agent, and their support staff that prepares or prosecutes patent applications for their respective clients in the field of wireless audience response systems for the duration of this litigation.

(d) No attorney with access to Confidential Information relating to technical, research, development, or product design of an opposing party under the instant protective order may be substantively involved with patent preparation or prosecution for their respective clients for two years from the conclusion of this action.

7. **Access to "Confidential" Items.**  Subject Discovery Materials designated as "Confidential" but not "Confidential – Attorneys' Eyes Only" may be disclosed or made available by the Receiving Party only to the Court, to Trial Counsel as defined in paragraph 6, and to the persons designated below:

(a) Up to five (5) current employees, officers, and/or directors of the party or

its affiliates as deemed necessary by Trial Counsel for that party to aid in the prosecution, defense, or settlement of this action; such employees must be designated in writing to the opposing party and must agree to be bound by the terms of the Protective Order by signing Exhibit A.

(b) Independent experts or consultants (together with their clerical staff) retained by Trial Counsel for the Receiving Party to assist in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 10;

(c) Court reporter(s) and videographer(s) employed in this action;

(d) Witnesses in any deposition or other proceeding of this action who are, from the face of the Subject Discovery Materials, or are otherwise first established or agreed to be, an author or recipient or someone with access to the Subject Discovery Materials;

(e) Outside commercial copying, document imaging, litigation support services; and trial consultants and necessarily related individuals; and

(f) Any other persons as to whom the parties agree in writing, or as designated as permitted by order of this Court after notice to all parties.

Nothing herein shall prevent the Producing Party from using or disclosing its own Confidential Information in any manner that the Producing Party sees fit.

8. **Access to "Confidential – Attorneys' Eyes Only" Items.** Subject Discovery Materials designated as "Confidential – Attorneys' Eyes Only" may be disclosed or made available by the Receiving Party only to the Court and Court Personnel, to Trial Counsel as defined in paragraph 6, and to the persons designated below:

(a) Independent experts or consultants (together with their clerical staff)

retained by Trial Counsel for the Receiving Party to assist in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 10;

(b) Court reporter(s) and videographer(s) employed in this action;

(c) Witnesses in any deposition or other proceeding of this action who are, from the face of the Subject Discovery Materials, or are otherwise first established or agreed to be, an author or recipient or someone with access to the Subject Discovery Materials;

(d) Outside commercial copying, document imaging, litigation support services, and trial consultants and necessarily related individuals; and

(e) Any other persons as to whom the parties agree in writing, or as designated as permitted by order of this Court after notice to all parties.

Nothing herein shall prevent the Producing Party from using or disclosing its own Confidential – Attorneys' Eyes Only Information in any manner that the Producing Party sees fit.

9. **Access to Computer Source Code.** Nothing in this Protective Order shall obligate the parties to produce any source code nor act as an admission that any particular source code is discoverable. In addition to the restrictions that apply to material designated "Confidential – Attorneys' Eyes Only", the following shall also apply to any source code that is produced by the parties:

(a) Any computer source code produced by a party may not be electronically copied or stored by the opposing party or any person acting on its behalf, except as expressly permitted herein;

(b) Trial Counsel, consultants or experts for the Receiving Party shall have access to such material only at the offices of Trial Counsel for the Producing Party or

such other neutral and secure location as the parties agree, and such agreement shall not be unreasonably withheld or as the Court directs, and in a manner that prevents duplication or unauthorized access, except only as specifically allowed under 9(d) and (e) of this Protective Order;

(c) Source code shall be accessed only on a secure, non-networked computer that is sufficiently state-of-the-art (in terms of processor speed memory, etc.) to support a review of the source code, and equipped with a viewing program compatible with the file format in which the source code is stored;

(d) No electronic copies, other than volatile copies necessarily made in the course of accessing the source code on the secure non-networked computer, shall be made without the express consent, in writing, of the Producing Party.  In particular, no electronic copies shall be made to such computer's hard drive or on any removable storage medium;

(e) Paper copies of source code shall be printed only if Trial Counsel, consultant, or expert believes in good faith that the paper copies are reasonably necessary to their analysis or investigation being performed in connection with this case, to assist in the preparation of expert reports, to provide evidentiary support for expert reports or to use in court filings, and any court filings must comply with section 13 below. Each page of any such printed code shall be marked "SOURCE CODE-CONFIDENTIAL ATTORNEYS' EYES ONLY" or similar legend and maintained in accordance with this Protective Order. If a Receiving Party requires such copies of SOURCE CODE-CONFIDENTIAL ATTORNEYS' EYES ONLY information, access to such copies shall be restricted consistent with the restrictions on material designated Confidential -

Attorneys' Eyes Only in this Protective Order;

(f) All electronic media containing source code, printed copies or any related notes shall be kept in a secure location under lock and key;

(g) Any notes concerning such source code shall not be used to circumvent the restrictions in the above paragraphs against making copies of the source code. Persons viewing the notes shall do so in a manner consistent with the restrictions on material designated SOURCE CODE-CONFIDENTIAL ATTORNEYS' EYES ONLY identified in this Protective Order. Such notes shall be prominently marked with the legend "SOURCE CODE-CONFIDENTIAL ATTORNEYS' EYES ONLY."

(h) The Receiving Party shall maintain a log of all individuals who have accessed the code and make the log available for inspection at the request of the Producing Party. The log shall include the name of the person who accessed the material a general description of the code that was accessed, and the date that the access was made;

(i) Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain its own source code or material designated SOURCE CODE- CONFIDENTIAL ATTORNEYS' EYES ONLY; and

(j) Nothing in this Protective Order shall be deemed as an acknowledgment that any category of information is discoverable.

10. **Independent Expert or Consultants.** The procedure for a Receiving Party to have an independent expert or consultant approved for access to Subject Discovery Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be as follows:

(a) A Receiving Party seeking to have an independent expert or consultant

approved shall transmit, via facsimile, email, or overnight delivery service, to the Producing Party, the following information:

      (i)      the name of the independent expert or consultant;

      (ii)      the present employer and title of such person;

      (iii)      an up to date *curriculum vitae* for such person;

      (iv)      a written acknowledgment in the form of Exhibit A attached hereto, signed by such person, certifying that such person has read this Stipulated Protective Order and has agreed to be bound by its terms.

(b) No Confidential Information shall be disclosed to the expert or consultant until at least five (5) business days has elapsed after transmission of the information and the written acknowledgement. Any objection to the disclosure shall be set forth in writing with reason(s) for the objection, and transmitted by facsimile or email within the five-day period, to the Trial Counsel for the Receiving Party, at which time the parties shall attempt to promptly meet and confer to resolve the objections. In the event that no such objection is made and Confidential Information is disclosed to the expert or trial consultant of the Receiving Party, the Producing Party shall be deemed to have waived any objections to such disclosure.

(c) If the Producing Party so objects, and the parties are unable to resolve the objection within three (3) business days of the date of objection, the Producing (objecting) Party shall have an additional period of five (5) business days to move the Court for an order prohibiting the disclosure. The Confidential Information may be disclosed to the designated person if the Producing Party fails to move the Court for an appropriate order within the five-day period. If the Producing Party timely files a motion

with the Court for an appropriate order within such period, the Confidential Information may not be disclosed to the designated person unless and until the Court denies the Producing Party's motion.  These time periods shall not restrict either party from moving the Court for an appropriate order earlier if the circumstances so require.

11.     **<u>Inadvertent Production or Disclosure.</u>**  The inadvertent production of any item without it being marked "Confidential" or "Confidential – Attorneys' Eyes Only" will not be deemed a waiver of any claim that the item contains Confidential Information.  If a Producing Party through inadvertence produces any item containing Confidential Information without designating it as such under this Order, the Producing Party may furnish a substitute item properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such item is deemed as "Confidential" or "Confidential – Attorneys' Eyes Only" and should be treated as such.  The Receiving Party (or parties) must treat such information as "Confidential" or "Confidential – Attorneys' Eyes Only" from the date such notice is received.  Disclosure of Confidential Information prior to the receipt of notice will not be deemed a violation of this Order.

Inadvertent disclosure or production of Confidential Information claimed to be the subject of either the attorney client privilege or work product doctrine does not waive the privilege or doctrine relative to the inadvertently disclosed or produced materials.  If any such materials are inadvertently disclosed or produced to the Receiving Party, the Producing Party may request, within ten (10) business days after learning of an inadvertent disclosure or production, that the Receiving Party transfer the materials back to the Producing Party.  The Receiving Party must comply by returning the materials immediately.

If a party accidently discloses Confidential Information to an unauthorized person, the

party responsible for the disclosure shall promptly advise the Producing Party and shall make every reasonable effort to retrieve the material and to prevent further disclosure to unauthorized persons.  Any inadvertent disclosure shall not create a waiver or any privilege or immunity that would otherwise apply.

12. **Production of Original Documents.**  The terms of paragraph 4 of this Order will not control where a Producing Party, in response to a discovery request, elects to make originals or working copies of documents available to Trial Counsel for the Receiving Party (or parties) for review before making production copies.  In that case, the Producing Party is not obligated to make any confidentiality designation upon such documents at the time they are made available.  Instead, all documents made available to Trial Counsel for the Receiving Party shall be treated as "Confidential – Attorneys' Eyes Only" until the Producing Party delivers production copies, at which time the confidentiality designations (including no designation) the Producing Party will have made will control.  Any originals or working copies of documents that Trial Counsel for the Receiving Party has elected not to have copied will continue to be treated as "Confidential – Attorneys' Eyes Only."

13. **Filing of Papers Under Seal.**  In the event that any item designated "Confidential" or "Confidential – Attorneys' Eyes Only" is included in materials filed with this Court, such materials must be filed under seal in accordance with Local Rule 5.2 with instructions to the Clerk that, except as otherwise provided by this Court or agreed to by the parties, the papers must be maintained under seal pursuant to this Order and are not to be disclosed to any person other than this Court and counsel for the parties.

14. **Deposition Practice.**  In the event that any item designated "Confidential" or "Confidential – Attorneys' Eyes Only" is introduced by counsel as an exhibit during a

deposition, the reporter and counsel for the other party (or parties) must be instructed during the deposition that, pursuant to this Order, the deposition and such exhibits, if retained by the reporter, must be kept in confidence, and if filed in Court, must be filed under seal with the instructions to the Clerk as set forth in paragraph 13 of this Order hereof; and the reporter must be further instructed not to furnish copies of any such exhibits or disclose the contents thereof to any person other than counsel for the parties.  In addition, a party may designate deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for opposing party within thirty (30) days after receipt of the transcript of the deposition.  Regardless of whether any designations are made at the time the deposition is taken, during this thirty (30) day period, the entire deposition transcript shall be treated as "Confidential – Attorneys' Eyes Only" under this Order.  Notwithstanding such designations, within thirty (30) days of receipt of the deposition transcript containing Confidential Information, the designating party shall declassify all pages of the transcript that do not contain Confidential Information.

15. **Use of Confidential Information at Hearing.**  If at a hearing in this action, a party intends to offer into evidence any item designated as "Confidential" or "Confidential – Attorneys' Eyes Only" produced by a Producing Party, the offering party shall announce its intent in sufficient time to enable the designating party to object or take steps it deems reasonably necessary to preserve the confidentiality of the item.  In the event that any Confidential Information is so used in this action, such use shall not in itself cause said Confidential Information to lose its status as. "Confidential" or "Confidential – Attorneys' Eyes Only."

16. **Challenging Designations.**  In the event that any party disputes a designation of

any item as "Confidential" or "Confidential – Attorneys' Eyes Only," such party shall notify the Producing Party of the dispute in writing, and the parties shall meet and confer in a good faith exchange to resolve the dispute. In the event that the parties are unable to resolve the dispute, the party disputing the designation may request appropriate relief from this Court. Before the matter is resolved by the Court, the item in question shall be treated as designated by the Producing Party pursuant to this Order. The burden of establishing that the information has been properly designated is on the party making the designation.

17. **Designations Not Admissions.** Nothing in this Order will be construed as an admission or agreement that any specific information is (or is not) confidential, subject to discovery, relevant, or admissible in evidence in this action.

18. **Limit to Scope of Order.** This Order has no effect upon and shall not apply to a Producing Party's use or disclosure of its own Confidential Information for any purpose. This Order will not be construed to prevent any person from making use of or disclosing information that:

(a) was lawfully in the possession of the person or its affiliate, who is not under an obligation of secrecy with regard to the information, prior to receipt of the information from the Producing Party;

(b) becomes known lawfully to the person in a manner that does not violate the provisions of this Order; or

(c) was or is hereafter lawfully obtained from a source other than the Producing Party or any person under an obligation of secrecy with respect to the Producing Party.

19. **Additional Parties.** In the event additional parties join or are joined in this

action, they shall not have access to Confidential Information unless and until the newly joined party or its counsel has executed and filed with this Court its consent to be fully bound by this Order or an alternative protective order that is satisfactory to all parties and this Court.

20. **Use of Confidential Information at Trial.**  Subject to the foregoing conditions, and such additional conditions as imposed by this Court or agreed to by the parties, no party shall be prohibited from using at trial, or during a hearing, material, including documents and testimony, designated "Confidential" or "Confidential – Attorneys' Eyes Only" merely by virtue of the confidential nature of the material.

21. **Return of Documents.**  The provisions of this Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within forty-five (45) days after final disposition of this action with no further right of appeal or other judicial relief, all persons having received Confidential Information shall return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or, in the alternative, shall destroy such material and all copies thereof (including summaries and excerpts) and provide a certification of such destruction to counsel for the Producing Party.  Trial Counsel shall be entitled to retain court papers, deposition and other transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain confidential business information) provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the party that produced same.  All materials returned to the parties or their counsel by this Court likewise shall be disposed of in accordance with this paragraph.

22. **Subpoena.** If any Receiving Party is served with a subpoena or is subject to any other demand or legal process seeking disclosure of Confidential Information produced by another party, the Receiving Party shall give prompt written notice to the Producing Party and shall, until such notice is completed if legally permitted and for five business days thereafter, resist production of the Confidential Information on the basis of this Order. The Producing Party may, but is not obligated to, defend against the subpoena or other process. After the notice period has passed, the Receiving Party may comply with the subpoena or request to the extent that it is not subject to a successful challenge or active, unresolved dispute by the Producing Party. Nothing herein shall be deemed or construed to require any party to violate any subpoena, governmental or court order or any applicable law.

23. **Application to Non-Parties**. As first noted in Paragraph 1, the terms of this Order apply to Confidential Information produced by a non-party, and Confidential Information produced by a non party in connection with this litigation is protected by the remedies and relief provided for in this Order.

24. **Future Litigation.** Nothing in this Order prevents Trial Counsel from amending the pleadings to add parties to the instant action, or from bringing future actions against other potential infringers of the patent-in-suit based on information learned in this proceeding.

25. **Modification.** The terms governing the parties' handling of Confidential Materials in this action may be amended without leave of Court by written agreement of the parties.

IT IS SO ORDERED:

Date: April 3, 2013                    s/ Christopher A. Boyko
                                       United States District Judge
                                       JUDGE CHRISTOPHER A. BOYKO

## STIPULATION

The parties, by their undersigned counsel, agree to enter of the foregoing Stipulated Protective Order.

Date: March 18, 2013

  /s/ Bryan A. Schwartz (by permission)
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Amanda M. Miller (0084488)
amiller@bfca.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

  /s/ Steven M. Auvil (by permission)
Steven M. Auvil (0063827)
steven.auvil@squiresanders.com
**SQUIRE SANDERS (US) LLP**
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780

*Attorneys for Plaintiffs*
**RESPONSIVE INNOVATIONS, LLC
AND TURNING TECHNOLOGIES, LLC**

  /s/ Arne M. Olson
Arne M. Olson (IL3127562)
aolson@olsonip.com
Joseph M. Kuo (IL6216400)
jkuo@olsonip.com
Dennis H. Ma (IL6275408)
dma@olsonip.com
**OLSON & CEPURITIS, LTD.**
20 North Wacker Drive, 36th Floor
Chicago, Illinois 60606
Telephone: (312) 580-1180
Facsimile: (312) 580-1189

  /s/ Gary A. Corroto (by permission)
Gary A. Corroto (0055270)
gcorroto@lawlion.com
Edmond J. Mack (0082906)
emack@lawlion.com
**TZANGAS PLAKAS MANNOS LTD.**
220 Market Avenue South, 8th Floor
Canton, Ohio 44702
Telephone: (330) 455-6112
Facsimile: (330) 455-2108

*Attorneys for Defendants*
**HOLTZBRINCK PUBLISHERS, LLC AND
MACMILLAN PUBLISHERS, INC.**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RESPONSIVE INNOVATIONS, LLC and TURNING TECHNOLOGIES, LLC. <br><br> Plaintiffs, <br><br> v. <br><br> HOLTZBRINCK PUBLISHERS, LLC and MACMILLAN PUBLISHERS, INC. <br><br> Defendants. | ) Case No. 4:08-cv-01184-CAB <br> ) <br> ) Judge Christopher A. Boyko <br> ) <br> ) Mag. Judge _____ <br> ) <br> ) **DECLARATION REGARDING** <br> ) **STIPULATED PROTECTIVE** <br> ) **ORDER** <br> ) |

I, _____, hereby declare:

1. My current residence is at _____, and my current business address is at _____.

2. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned action, and I understand its terms and conditions.

3. I agree to be bound by and to comply with all of the terms of the Stipulated Protective Order, and by such other orders as this Court may issue regarding the confidential treatment to be accorded documents and other materials in this action.

4. I agree to hold in confidence and not to disclose to any person not similarly bound by the Stipulated Protective Order any Confidential Information disclosed to me in the course of this action.

5. I agree to return all documents containing Confidential Information to Trial Counsel, by whom I have been retained, at the conclusion of this action.

6. I acknowledge that this Court may sanction me in the event that I violate the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for this purpose.

Executed on:  _____    _____
Declarant's Signature

_____
Printed or Typed Name

Doc 3205821   Ver 1