UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RESPONSIVE INNOVATIONS, LLC. ET AL.,** | ) ) ) | **CASE NO.4:08CV1184** |
| Plaintiff, | ) ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **HOTLZBRINCK PUBLISHERS, LLC ET AL.,** | ) ) ) | **ORDER** |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

This matter is before the Court on Plaintiffs Responsive Innovations. LLC and Turning Technologies, LLC.,'s Motion to Prohibit Defendants from Presenting any Evidence, Testimony or Argument Relating to an Alleged Design-Around in this Case (ECF # 169). For the following reasons, the Court denies, in part, Plaintiffs' Motion insofar as it asks for exclusion, however the court may consider it at a later date. The Court will allow additional discovery by Plaintiffs on the alleged design-around to be paid for by Defendants.

This case was first filed in 2008. Discovery closed in 2010. Prior to the close of discovery, Defendants never alleged a design-around defense nor did they disclose any evidence of a design-around in their initial disclosures, responses to Plaintiffs' interrogatories and requests for production. In 2013, for the first time since the inception of the case Defendants raised, in writing, the design-around issue in their damages expert's responsive report served May 15,

2013.[1]  That report acknowledged that the design-around was developed in 2010 and was offered for sale in 2011.  Thus, nearly two years passed before it was disclosed to Plaintiffs.  As a result, Plaintiffs' damages expert, Andrew Carter, could not have addressed the design-around issue as relates to damages, because it was never raised until after he had served his report on Defendants.  Plaintiffs further argue Defendants violated Fed. R. Civ. P. 26(e) by initially denying any documents existed in response to Plaintiffs' discovery request for production for all "documents, things or ESI that refer or relate to any effort or attempt to design around the patent in suit," then failing to timely supplement.  Plaintiffs argue they have been prejudiced by not having an opportunity to do discovery on the alleged design-around.  Plaintiffs contend Defendants should be precluded from offering any such defense due to their violation of Rule 26(e) duty to supplement.

Defendants contend they could not have produced in discovery any responsive documents regarding the design-around because it did not exist until after discovery closed.  The design-around was implemented after Plaintiffs' August 2010 Reply brief wherein Plaintiffs argued the receiver cannot transmit before the remote unit does.  Because the design-around was easy to implement, Defendants did so and admit selling the design in 2011.  Defendants further contend they offered to allow Plaintiffs to do discovery once they disclosed the design-around but Plaintiffs refused.

Defendants contend there was no Rule 26(e) violation because they disclosed the design-around two days after the Court's 2012 summary judgment order confirming the exclusion of

---

[1] Defendants did represent to the Court and Plaintiffs the existence of the design around at a February 2013 conference.

devices containing a receiver first signal.  Defendants further argue that Plaintiffs themselves have delayed discovery in failing to disclose issues with their first damages expert.  Also, Defendants contend Plaintiffs were informed of the design around in a phone call in November 2012.  Lastly, Plaintiffs expert was aware of a design-around as reflected in his acknowledgments but was told by counsel to ignore them and assume the design-around infringed.

Because no trial date is presently pending, prejudice to Plaintiffs is correctable by permitting additional discovery.

## **LAW AND ANAYSIS**

There are many tools available to courts to ensure the orderly progress of discovery and to punish misconduct.  These derive from the Federal Rules of Civil Procedure, federal statute and the Court's own inherent authority to manage its docket.

Federal Rule of Civil Procedure 26(e) requires:

(e) Supplementing Disclosures and Responses.

(1) **In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Federal Rule of Civil Procedure 37(c) states in pertinent part:

>(1) ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>**(B)** may inform the jury of the party's failure; and
>
>**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The Sixth Circuit established a straightforward, easily applied test to determine if sanctions are appropriate for a failure to supplement.  "[T]he test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport* 596 F.3d 357, 370 (6th Cir.,2010).

This matter appears straightforward.  Defendants waited nearly two years before disclosing a design-around they admittedly implemented and offered for sale in 2010-2011.  While it was after close of discovery, the duty to supplement does not expire at the close of discovery.  Here, Defendants arguments do not support the conclusion that the failure was reasonable or the mistake was harmless.  The duty to supplement is not dependent on a determination by the Court in a claim construction; instead the Rule imposes an independent duty on the party to supplement disclosures.  Plaintiffs' requested production of all information of a design- around which Defendants responded was not implicated in the case.  Once Defendants did in fact create a design around or, at the latest offered for sale the design-around,

4

then their duty to supplement was triggered. By admitting the design-around was offered for sale at the beginning of 2011 and admitting that they waited until the end of 2012 to disclose this information to Plaintiffs, Defendants did not supplement in a timely manner.

Therefore, the Court holds Defendants violated their obligation to timely supplement under Rule 26(e). The Court, having broad discretion to fashion a sanction under Rule 37, orders Defendants to provide all relevant discovery to Plaintiffs on the alleged design-around and make available any witness with relevant information of the design-around to Plaintiffs for deposition. Defendants shall pay all reasonable expenses incurred by Plaintiffs to obtain the discovery. The Court may consider further sanctions after discovery is completed upon a motion by Plaintiffs. Plaintiffs shall file with the Court an expedited proposed time frame for conducting discovery on the design-around. Plaintiffs shall file no later than Friday, March 28, 2014.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: March 25, 2014