UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RESPONSIVE INNOVATIONS, LLC, et al., | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 4:08-cv-01184-CAB ) ) |
| v. | ) Judge Christopher A. Boyko ) |
| HOLTZBRINCK PUBLISHERS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION TO CLARIFY THAT PROTECTIVE ORDER PERMITS TRIAL COUNSEL TO PARTICIPATE IN REEXAMINATION PROCEEDING**

This is a motion to clarify one provision in the parties' stipulated protective order that imposes restrictions on involvement in patent preparation and prosecution. The motion stems from Defendants' belated petition for ex parte reexamination of the patent-in-suit in this case that was recently granted by the USPTO. Defendants seek to prevent Plaintiffs' trial counsel from participation in the reexamination. Because the protective order does not prohibit such participation, the Court should grant this motion. In the alternative, Plaintiffs request the Court hold Plaintiffs' trial counsel exempt from any bar on participation.

In view of the discrete nature of this motion, and the short (2-month) deadline imposed by the USPTO on Plaintiffs' first opportunity to respond to the reexamination grant, Plaintiffs request the Court expedite the briefing by shortening the time to respond to this motion to no greater than five (5) business days, with any reply to be filed within three (3) business days.

1

I.      Introduction

As the Court is aware, Defendants filed an ex parte petition for reexamination of the patent-in-suit in this case (U.S. Patent No. 7,330,716) with the USPTO on June 27, 2014. Doc. 208 (Defs' Notice). The 128-page petition, authored by Defendants' trial counsel in this litigation, is based on prior art already of record or otherwise provided to the Court in this case. *Id*. at 1 ("exhibits to the reexamination brief . . . largely duplicative of material already provided to the Court"). By PTO rules, the patent owner (Plaintiffs) has no opportunity to respond to Defendants' petition prior to decision on the petition.

On August 13, 2014, the USPTO granted Defendants' reexamination request. Doc. 210 (Defs' Notice). The PTO's Notice (Doc. 210-1) provides that the Plaintiffs may file a statement in response to the grant of reexamination within two months. If no statement is filed in response to the grant notice, the PTO is required to issue an office action on the merits and provide further opportunity for the patent owner to respond, including appealing any decision adverse to patentability to the Patent Trial and Appeal Board ("PTAB"). *See* Ex. 1 (MPEP 2201, flow chart).[1] However, Defendants have informed Plaintiffs' counsel, Amanda Miller, that the stipulated protective order in this case requires that, as trial counsel, she (and by implication any of the undersigned trial counsel) "refrain from prosecution of the reexamination." Ex. 2 (D. Ma email of July 17, 2014).[2]

Plaintiffs disagree that the Protective Order bars their trial counsel from participation in a PTO reexamination. Defendants' position is unsupportable on the actual language of the Protective Order, which contains no express reference to reexamination proceedings, and in light

---

[1] The appeals process is arduous. According to a widely-read patent law blog, presently there is a 25,000 case backlog of ex parte appeals at the PTAB, with the median appeal taking over three years. *See* http://patentlyo.com/patent/2014/08/few-problems-ptab.html ("A Few Problems at the PTAB") (Aug. 4, 2014).
[2] Defendants' email states that they were writing to Ms. Miller because her name appears in the list of attorneys of record on the ex parte reexamination. *Id*. As Defendants' email correctly notes, this was an automatic listing by the PTO of attorneys of record, not the result of any affirmative action on the reexamination taken by Ms. Miller. *Id*.

2

of the case law, which one court has noted "finds near unanimous support <u>against</u>" extending so-called "prosecution bars" contained in protective orders to encompass reexaminations. Moreover, even if the Protective Order covered reexaminations, the Court should find that Plaintiffs' trial counsel are exempt under the circumstances here, where six years of litigation and the "vast array" of invalidity issues raised makes it nearly impossible for any other attorneys to adequately advise Plaintiffs and consistently protect and defend their rights in the PTO.

Plainly, Defendants' astonishingly late reexamination request is yet another in a long line of litigation tactics designed to frustrate Plaintiffs' efforts to obtain justice in this Court. Equally plainly, Defendants' assertion of a bar on trial counsel's participation in the reexamination is an attempt to handcuff Plaintiffs in coordinating their defenses to invalidity assertions in one forum (the USPTO) that completely overlap those already presented to this Court. The potential for collateral impact on this proceeding is self-evident, as statements in the PTO will be used in this Court (and vice versa), with no ability for coordination between counsel. These tactics should be condemned and not rewarded. Trial in this case should not be delayed any further; nor should the validity of the PTO reexamination proceeding, and, correspondingly, the proceeding in this Court, be compromised by barring Plaintiffs' trial counsel from participating in the reexamination.

**II.      Argument**

Defendants seek to prevent Plaintiffs' litigation counsel from participating in the reexamination proceedings and thereby deprive Plaintiffs of their litigation counsel in defending against the overlapping art asserted against the patents-in-suit in the reexamination. For the reasons set forth below, this Court should find that the Protective Order does not bar Plaintiffs' trial counsel from participating in the reexamination.

### A. The Protective Order Does Not Bar Trial Counsel's Participation In Reexamination Proceedings

A stipulated protective order was originally entered in this case on February 19, 2009 (Doc. 35), and an amended order was entered on April 13, 2013. Doc. 151 (herein, the "Protective Order").[3] Among other designees, the Protective Order grants those lawyers defined as "Trial Counsel" access to both classes of confidential information under the Order: information marked "Confidential" and "Confidential – Attorneys Eyes Only." *Id*. at paras. 7-8. The Protective Order defines "Trial Counsel" as follows:

> 6. Trial Counsel Defined. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:
>
> (a) For Responsive Innovations, LLC and Turning Technologies, LLC: the attorneys, paralegals, agents and support staff of Benesch, Friedlander, Coplan & Aronoff LLP and Squire Sanders (US) LLP.
>
> (b) For Holtzbrinck Publishers, LLC and Macmillan Publishers, Inc.: the attorneys, paralegals, agents, and support staff of Olson & Cepuritis, Ltd. and Tzangas Plakas Mannos Ltd.
>
> (c) The definition of "Trial Counsel" excludes any attorney, patent agent, and their support staff that prepares or prosecutes patent applications for their respective clients in the field of wireless audience response systems for the duration of this litigation.
>
> (d) No attorney with access to Confidential Information relating to technical, research, development, or product design of an opposing party under the instant protective order may be substantively involved with patent preparation or prosecution for their respective clients for two years from the conclusion of this action.

Doc. 151 at 3.

The first question on this motion is whether, by its terms, this provision prevents Plaintiffs' litigation counsel from participating in reexamination proceedings. Federal Circuit

---

[3] Section 6 of the 2013 Order reflects an amendment "to add the law firm of Squire Sanders (US) LLP on behalf of Plaintiffs and reflect a name change in the law firm of Tzangas Plakas Mannos Ltd. on behalf of Defendants." Doc. 148 at 1. The 2013 Stipulated Protective Order "is otherwise unchanged in substance to the Protective Order previously entered by the Court on February 19, 2009 as Dkt. No. 35." *Id.*

law exemplifies that such provisions, commonly referred to as "prosecution bars," are "not all alike and must be construed on a case-by-case basis." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp.2d 169, 174 (E.D.N.Y. 2008) (citing *Matsushita Elec. Indus. Co., Ltd. v. United States*, 929 F.2d 1577, 1579 (Fed. Cir. 1991); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467 (Fed. Cir. 1984)).  For at least the following reasons, Plaintiffs believe the Protective Order does not bar participation by trial counsel in a reexamination proceeding.

As an initial matter, it is indisputable that there is no express reference to reexamination proceedings anywhere in this provision.  Because it is commonly recognized that the term "patent prosecution" does not unambiguously include reexamination proceedings, litigants in other cases have protected themselves "by either expressly barring reexamination participation or expressly defining 'patent prosecution' to include post-issuance reexamination." *Pall Corp.*, 655 F. Supp.2d at 173 (citation omitted).  Having failed to do either of these, the burden is on Defendants to show why, absent an express reexamination prohibition, the Protective Order should be interpreted to include one. *Id.* at 174.  They cannot.

First, the language of the provision does not otherwise support a bar on participation in reexamination proceedings.  Paragraph (c) excludes from the category of Trial Counsel, and therefore those persons permitted to access both categories of protected information, any lawyers and support staff who "prepare or prosecute patent applications" for their clients in the field of wireless audience response systems during the litigation.  Paragraph (d) prohibits those attorneys with access to a certain subset of confidential information from substantive involvement with "patent preparation or prosecution" for two years from the conclusion of this litigation.  Read together, it is plain that the prohibited prosecution activities being referred to are those involving the prosecution of patent *applications*.  Reexaminations, however one characterizes them, are not

5

"applications," since they involve an issued patent. *Pall Corp.*, 655 F. Supp. 2d at 173 (reexaminations "as the name suggests, are invoked to challenge a PTO patent grant. . . [and] are exclusively a 'post-grant' procedure.") It follows that the provision should not be construed to cover reexaminations.

Second, interpreting the prosecution bar to include reexaminations is contra-indicated by Defendants' own trial counsel's actions in filing the reexamination request in the PTO. If reexaminations were indeed considered "prosecution" activities and thus prohibited to trial counsel, then Defendants' trial counsel's filing of the reexamination request would likewise be prohibited, as they had access to Plaintiffs' confidential design information. Defendants indicate by not hiring separate counsel to file the reexamination that they themselves do not construe the Protective Order to cover reexaminations.

Finally, because Defendants, not Plaintiffs, initiated this reexamination, there is no policy reason to construe the clause broadly. *See NeXedge, LLC v. Freescale Semiconductor, Inc*., 820 F. Supp. 2d 1040, 1044 (D. Ariz. 2011) (declining to issue prosecution bar that would apply to reexamination proceedings where Defendant, not Plaintiff, initiated the reexamination, and the reexamination "therefore cannot be viewed as a tactic by Plaintiff to take advantage of confidential information disclosed in this case.") Indeed, the policy concerns are just the opposite; to expand the literal meaning of a clause to include protection that Defendants here failed to negotiate would reward defendants by allowing them, despite the omission, to "force a plaintiff to defend a patent in two separate venues with two teams of attorneys." *Mirror Worlds, LLC v. Apple, Inc.*, No. 08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009).

For these reasons alone, the Court should reject Defendants' position and find that the Protective Order does not prohibit trial counsel from participating in a reexamination.

### B. Factors Established By The Federal Circuit's *Deutsche Bank* Decision Favor Allowing Trial Counsel To Participate In the Reexamination Proceedings

To the extent this Court disagrees with the above, and finds that the Protective Order would bar Plaintiffs' trial counsel from participation in reexamination proceedings, the Court should modify the Order to permit Plaintiffs' trial counsel to participate in the reexamination. In *Deutsche Bank*, the Federal Circuit set forth two factors for evaluating requests for exemptions from a patent prosecution bar, as follows:

> (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision-making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation. . . and (2) that the potential injury to the moving party. . .outweighs the potential injury to the opposing party. . . .

*In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). These factors favor exempting Plaintiffs' trial counsel from any bar relating to reexamination proceedings.

As to the first factor, whether participation in reexamination is likely to implicate competitive decision-making, the limited nature of reexamination proceedings effectively precludes it. As one court considering whether to apply a prosecution bar to reexamination proceedings has summarized:

> Patent reexaminations, as the name suggests, are invoked to challenge a PTO patent grant. . . [T]hey are exclusively a "post-grant" procedure, distinguishable from prosecution efforts on an initial patent application. Although patent claims may be amended, redrafted or substituted for new albeit narrower claims, unlike prosecution of an initial patent application, the Patent Act, 35 U.S.C. §§ 305, 314, expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent. . . . Thus, claims added or amended in a reexamination proceeding will necessarily be narrower because section 305 bars claims that enlarge the scope of original claims. Therefore, no device can infringe the narrower claims emerging from reexamination that would not have infringed the original claims as well. (citation omitted)

*Pall Corp.*, 655 F. Supp.2d at 173. Based on these limitations of reexamination practice, the court found the risk of competitive use of confidential information all but eliminated:

7

> [t]his restriction both underscores the distinction between initial patent prosecution and reexamination, and effectively mitigates the potential to misuse PTO procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary.

*Id*.

Nor is this reasoning merely the view of one court. As a more recent decision has noted in surveying the cases, this view predominates across the district courts:

> [A]s a review of cases directly discussing a prosecution bar applied to reexamination finds near unanimous support *against* extending the bar to cover reexamination. *See NeXedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 2011 U.S. Dist. LEXIS 121737, 2011 WL 5007835 (D. Ariz. 2011) ("the concern about disadvantageous use of that information is reduced to a significant degree by the nature of reexaminations"); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182 (D. Del. 2010) (holding the risk of inadvertent or competitive use of defendants' confidential information on reexamination is outweighed by the potential harm in denying plaintiff the full benefit of its trial counsel in reexamination); *Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2010 U.S. Dist. LEXIS 100835, 2010 WL 3629830 (N.D. Cal. 2010) (noting that access to other party's confidential information is not valuable on reexamination due to the limited nature of reexamination). In sum, "[b]ecause reexamination involves only the patent and the prior art, defendant's confidential information is 'basically irrelevant to the reexamination.'" *Kenexa BrassRing Inc., v. Talaeo Corp.*, 2009 U.S. Dist. LEXIS 12002, 2009 WL 393782, at *2 (D. Del. 2009).

*Ameranth Inc. v. Pizza Hut Inc.*, 2012 U.S. Dist. LEXIS 20483, *19-20 (S.D. Cal., Feb. 17, 2012) (emphasis in original). There is nothing unique about the reexamination proceedings filed by Defendants that would suggest departure from this "near unanimous" view.

As to the second Deutsche Bank factor, the potential injury to Plaintiffs from barring their trial counsel from participating in the reexamination far outweighs the potential injury to Defendants. In *Deutsche Bank*, the Federal Circuit held that courts should consider the extent and duration of counsel's past history in representing the client, the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel in representing it before the PTO. *Deutsche Bank*, 605 F.3d at 1381.

8

It is undeniable that these factors strongly favor allowing Plaintiffs' trial counsel to participate in the reexamination.  Indeed, it is difficult to imagine a clearer case for finding these factors favor the moving party.  After six years, and having weathered a never-ending and "vast array"[4] of allegedly invalidating art put forward by Defendants in this case, Plaintiffs are heavily dependent on trial counsel for understanding this art.  Obviously, that is part of Defendants' tactic, *i.e.*, to deprive Plaintiffs of the very counsel with the most experience dealing with both the art that Defendants have cited in the reexamination and that art's relationship to other, related art that was either not cited or not applied by the PTO in its grant notice.  Not only would this hamstring Plaintiffs' activities at the PTO, but its impact extends further, since barring trial counsel participation potentially jeopardizes Plaintiffs' ability to maintain consistent positions in the two forums (PTO and District Court).  In other words, because "choices made before the PTO . . . have consequences in [the district court]," barring Plaintiffs' counsel from the reexamination unfairly affects Plaintiffs' "legitimate interest in formulating a coherent and consistent litigation strategy."  *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. 2010).

On top of the adverse impact on choice of counsel and the potential domino effect on the litigation, forcing Plaintiffs to use other counsel to prepare from scratch defenses that their trial counsel already intimately understand would effect a gross waste of time and resources.  And it is bad policy, because it would "encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys."  *Mirror Worlds, supra*, 2009 WL 2461808, at *2.  This perverse incentive is only magnified in the circumstances here, where the reexamination was filed so late into the litigation that only those long-associated with the litigation could be expected to understand the interrelationship between the various claim

---

[4] Doc. 147 (Defs' Motion for Leave to File Beamish Anticipation Summary Judgment Motion) at 5.

9

construction orders, asserted art, and related contentions that will be required to effectively participate in the reexamination.

Conversely, there is no potential harm to Defendants from allowing Plaintiffs' trial counsel's participation. As noted above, Defendants' confidential information is not valuable on reexamination due to the limited nature of reexamination. To the extent there is any potential harm, that risk is minimal at best, and far outweighed by the unbalanced situation that would be created by barring Plaintiffs' counsel from the reexamination. Defendants' litigation counsel are already participating in the reexamination, which they initiated with a lengthy petition that drew extensively from pleadings already filed in this litigation. Barring Plaintiffs' trial counsel from participating in the second litigation front that Defendants have now opened would injure Plaintiffs far out of proportion to any potential impact on Defendants from allowing Plaintiffs' counsel to participate.

## III.     Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion and hold that the Protective Order does not prohibit trial counsel from participating in a reexamination proceeding at the USPTO. In the alternative, the Court should hold that Plaintiffs' trial counsel are exempt from any bar on participation in the pending reexamination proceedings on the '716 patent.

Further, Plaintiffs request the Court shorten the time to respond to this motion to no greater than five (5) business days, with any reply to be filed within three (3) business days.

DATED:  August 26, 2014

Respectfully submitted,

/s/ Bryan A. Schwartz
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Amanda M. Miller (0084488)
amiller@beneschlaw.com
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588

Steven M. Auvil (0063827)
steven.auvil@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780

Attorneys for Plaintiffs
RESPONSIVE INNOVATIONS, LLC and
TURNING TECHNOLOGIES, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was filed electronically on August 26, 2014.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Bryan A. Schwartz

One of the Attorneys for Plaintiffs,

**RESPONSIVE INNOVATIONS, LLC, and
TURNING TECHNOLOGIES, LLC**